[No. 45963.   En Banc.   October 11, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. KIM
WADE RHODES, *Appellant.*

*Jean Rietschel* of *Institutional Legal Services*, for appellant.

*Henry R. Dunn, Prosecuting Attorney*, and *Robin M. Force, Deputy*, for respondent.

*Norm Maleng, Prosecuting Attorney*, and *Michael D. McKay* and *Thomas L. Pugh, Deputies*, amici curiae.

DOLLIVER, J.—Defendant Kim Rhodes, a juvenile, was arrested on August 4, 1978, on suspicion of theft of a motorcycle. He asked to see an attorney but was told by a police officer he was not entitled to appointed counsel unless his parents sold their car. When defendant appeared before the court commissioner for hearing, he was not represented by counsel but was then informed by the court that the police officer was wrong and counsel would be appointed if he or his parents could not afford to hire an attorney. The court further informed defendant of the services an attorney would provide. Defendant was asked twice if he wished to be represented by counsel; he said he did not. Defendant pleaded guilty, the court accepted the plea and proceeded to disposition.

After testimony from a probation officer, a juvenile parole counselor, and defendant's mother, the court announced its judgment. The court invoked the "manifest injustice" exception to the sentencing standards of RCW 13.40 (the Juvenile Justice Act of 1977), and ordered the defendant committed to the Department of Social and Health Services for 24 to 36 weeks. Defendant appealed. The case was transferred here from the Court of Appeals because defendant has challenged the constitutionality of the "manifest injustice" exception to the sentencing standards of the new juvenile code.

Three questions are before us: (1) Was the waiver of counsel knowing, intelligent, expressed and voluntary as required by statute? (2) Is the "manifest injustice" exception to the sentencing standards of the juvenile justice act

void for vagueness? (3) Was there "clear and convincing" evidence to support the sentence imposed?

RCW 13.40.140(9) sets the criteria for waiver of counsel:

Waiver of any right which a child has under this chapter must be an express waiver intelligently made by the child after the child has been fully informed of the right being waived.

RCW 13.40.140(2) provides that "The youth shall be fully advised of his or her right to an attorney and of the relevant services an attorney can provide."

A fair reading of the record convinces us the court commissioner complied with the spirit and content of the statute. The defendant and his mother were fully advised of his rights to have an attorney and the services which an attorney could provide. Twice Kim Rhodes was asked if he wanted an attorney; twice he said, "No". There was no violation of RCW 13.40.140(2), (9).

The Juvenile Justice Act of 1977 directs the Secretary of the Department of Social and Health Services to develop disposition standards for juvenile offenders. These standards provide ranges of confinement, partial confinement, and community supervision based on the offender's age, criminal history and seriousness of the offense.

Defendant was found to be a "middle offender" under the terms of the act. RCW 13.40.160(4) provides for the following disposition in such cases:

Where the respondent is found to have committed an offense and is neither a serious offender nor a minor or first offender, consistent with the purposes of this chapter the court shall: (a)(i) Where the appropriate standard range includes a period of confinement exceeding thirty days, sentence the offender to the department for a term consisting of the appropriate standard range, or (ii) where the appropriate standard range does not include a period of confinement exceeding thirty days, sentence the offender to a determinate term within the appropriate standard range in which case the court shall consider only those aggravating and mitigating factors set forth in RCW 13.40.150 and shall state its reasons for selecting the particular punishment imposed, or (b) shall impose a

term of community supervision. *If the court sentencing pursuant to subsection (a)(i) or (ii) of this section finds that a disposition within the standard range would effectuate a manifest injustice, it may impose a disposition other than community supervision outside the range but only after it enters reasons upon which it bases its conclusion that disposition within the standard range would effectuate a manifest injustice.* A disposition so imposed outside the standard range may be appealed as provided in RCW 13.40.230 by the state or the respondent. A disposition within the standard range or of community supervision shall not be appealable under RCW 13.40.230.

(Italics ours.)

The standard range for defendant provided for 79 to 100 hours of community service, supervision for a maximum of 9 months, a maximum fine of $75, and 3 to 6 days in detention. The court found that disposition within this range would effectuate a "manifest injustice", which is defined as "a disposition that would impose an excessive penalty on the juvenile or a clear danger to society in light of the purposes of this chapter". RCW 13.40.020(12). Defendant claims the "manifest injustice" exception to the standard range is unconstitutionally vague.

█ The promulgation of standard disposition ranges for juvenile offenders creates a constitutionally protected liberty interest. These standard disposition ranges are similar to those established by the Board of Prison Terms and Paroles for purposes of setting minimum prison terms. The legislature, through the Department of Social and Health Services, has established the standards with the expectations that they will be followed. The standards and the statute which establishes them are subject to due process protections. *In re Sinka,* 92 Wn.2d 555, 599 P.2d 1275 (1979).

█ A statute meets due process requirements if it provides explicit standards to prevent arbitrary and discriminatory enforcement. *Bellevue v. Miller,* 85 Wn.2d 539, 536 P.2d 603 (1975). A statute which fails to provide those

standards is unconstitutionally vague. *State v. Zuanich,* 92 Wn.2d 61, 593 P.2d 1314 (1979); *Bellevue v. Miller, supra; Seattle v. Pullman,* 82 Wn.2d 794, 514 P.2d 1059 (1973). Although most vagueness challenges are directed at statutes which prohibit particular conduct without defining that conduct, defendant's constitutionally protected liberty interest created by the juvenile disposition standards is also subject to the void–for–vagueness test. *Cicero v. Olgiati,* 410 F. Supp. 1080 (S.D.N.Y. 1976).

The legislative intent in enacting the juvenile code is set forth in RCW 13.40.010(2). In addition to the purposes set out in this section, there are other standards in the statute which prevent arbitrary and discriminatory application of the manifest injustice exception. RCW 13.40.030(1) provides that any period of confinement and supervision must not exceed that to which an adult may be subjected for the same offense. RCW 13.40.300 limits the sentencing period so that no confinement can extend beyond the offender's 21st birthday. RCW 13.40.150(2)(h), (i) set forth aggravating and mitigating factors to be considered by the court at a disposition hearing. Those factors include (1) a cause or threat of serious bodily injury; (2) the existence of provocation; (3) a good–faith attempt to compensate the victim; (4) the period of time between offenses; (5) the manner in which the offense was committed and the vulnerability of the victim; (6) the defendant's recent criminal history; and (7) the defendant's role as a leader of other persons in perpetrating the offense. Moreover, the court is not limited to consideration of these factors. *In re Luft,* 21 Wn. App. 841, 589 P.2d 314 (1979). *See* RCW 13.40.160(4); *see also* RCW 13.40.010. Evidence such as probation officers' reports and psychological and psychiatric studies is available to the court to assist it in determining whether a clear danger to society exists. RCW 13.40.150(1).

A statute is presumed to be constitutional. *State v. Stroh,* 91 Wn.2d 580, 588 P.2d 1182 (1979). The party challenging the statute has the burden of proving that it is unconstitutionally vague. *Seattle v. Drew,* 70 Wn.2d 405,

423 P.2d 522, 25 A.L.R.3d 827 (1967); *State v. Kent,* 87 Wn.2d 103, 549 P.2d 721 (1976). The defendant has failed to sustain his burden.

A sufficient definition of "manifest injustice" is contained in the statute to guide the court in sentencing juvenile offenders. The statute is not unconstitutionally vague.

Finally, was there "clear and convincing" support for disposition outside the standard range?

█ RCW 13.40.230 sets forth the standard to be used by the appellate court in reviewing a disposition order:

> (2) To uphold a disposition outside the standard range, or which imposes confinement for a minor or first offender, the court of appeals must find (a) that the reasons supplied by the disposition judge are supported by the record which was before the judge and that those reasons clearly and convincingly support the conclusion that a disposition within the range, or nonconfinement for a minor or first offender, would constitute a manifest injustice, and (b) that the sentence imposed was neither clearly excessive nor clearly too lenient.

The "clear and convincing" standard is the civil counterpart to "beyond a reasonable doubt". *In re Levias,* 83 Wn.2d 253, 517 P.2d 588 (1973); *State v. McCarter,* 91 Wn.2d 249, 588 P.2d 745 (1978). This court has held that the phrase "manifest injustice" represents a demanding standard. *State v. Taylor,* 83 Wn.2d 594, 521 P.2d 699 (1974). Thus, in order to stand on review, the standard range for this offense and this defendant must present, beyond a reasonable doubt, a clear danger to society.

The State argues that the statute requires only that the appellate court determine whether there was *substantial evidence* to support the trial court's findings. We believe the statute clearly provides otherwise and sets forth a threefold test: (1) the reasons given by the trial court must be supported by the record; (2) those reasons must clearly and convincingly support the disposition; and (3) the disposition cannot be too excessive or too lenient. While we agree with defendant's analysis of the statute, we find the trial court met the requirements of RCW 13.40.230.

As pointed out by the trial court in the report of proceedings, Kim Rhodes had committed four previous felonies—two in 1978 within months of the offense of August 4, 1978, which brought him before the court. He had quit his job without good and sufficient reason and had stolen a motorcycle. Both of these were in violation of his parole. The motorcycle theft took place the same day as a home visit from his parole officer; his companion in the motorcycle theft was approaching the home as the parole officer was leaving. In the words of the court, defendant's past "indicates a serious and consistent criminal history and clear and present danger to [your] future if it's not curbed". The reasons given by the trial court were supported by the record. Those reasons clearly and convincingly support the disposition. The standard range, which did not include a period of confinement, would, under the circumstances, have presented a danger to society and to the welfare of the juvenile. The sentence imposed was, we believe, neither too excessive nor too lenient and was appropriate in light of defendant's past offenses, parole violations and circumstances under which the motorcycle was stolen. We are particularly shocked at the notion that defendant committed this crime within hours of meeting with his parole officer. That fact alone clearly and convincingly supports the court's conclusion that to impose the standard range would effectuate a manifest injustice. The trial court met the burden of RCW 13.40.230(2).

The judgment is affirmed.

UTTER, C.J., ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., and HOLMAN, J. Pro Tem., concur.

Reconsideration denied March 10, 1980.