[No. 36637-8-I.   Division One.   March 10, 1997.]
THE STATE OF WASHINGTON, *Respondent*, v. MARK D. BEVINS, *Appellant*.

---

*James R. Dixon, Eric J. Nielsen,* and *Nielsen & Acosta,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Kathleen C. Van Olst, Deputy,* for respondent.

BAKER, C.J. — Mark Bevins, a juvenile, appeals his conviction for second degree arson. He argues that the State did not establish the court's jurisdiction and produced insufficient evidence to prove he acted maliciously. He also argues that the late entered findings and conclusions were tailored, and warrant reversal. Finally, he argues that the statute providing for manifest injustice dispositions is unconstitutional, and the court's manifest injustice finding was error. We accept the late entered findings and conclusions and hold that sufficient evidence was presented and the court's jurisdiction was established. We further hold that the manifest injustice statute is constitutional and that the court's manifest injustice ruling was not erroneous.

Bevins argues two issues regarding his manifest injustice disposition. The essence of Bevins's first argument is that the statute allowing manifest injustice dispositions has been rendered unconstitutional by subsequent case law. He asserts that the due process protections provided by the early Supreme Court case interpreting the statute[1] have been removed by various Court of Appeals and Supreme Court opinions. Second, Bevins argues that some of the reasons given by the trial court (1) do not justify its finding that a standard range disposition would constitute a manifest injustice, and (2) are not supported by the record.

*State v. Rhodes* was the first opinion of the Supreme Court to consider a direct, constitutional challenge to the manifest injustice statute on grounds of vagueness. The court rejected the challenge, concluding that the statement of legislative purpose for the Juvenile Justice Act of 1977,[2]

---

[1] *State v. Rhodes*, 92 Wn.2d 755, 600 P.2d 1264 (1979).

[2] RCW 13.40.010(2).

together with various other statutory standards, prevented arbitrary and discriminatory application of the manifest injustice exception. Bevins is correct that since *Rhodes* was decided, some of the factors listed by that court in support of its holding have been modified by subsequent decisions. However, these decisions have not destroyed or seriously impaired the essence of the protections that still prevent arbitrary and discriminatory application of the manifest injustice exception.

In *State v. Rice*[3] the Supreme Court acknowledged that the duration of a manifest injustice disposition was no longer limited to the maximum period of confinement and supervision to which an adult may be sentenced, based upon a later statute restricting the applicability of general criminal provisions to the juvenile justice system.[4] The court nevertheless concluded that the change did not render the manifest injustice exception void for vagueness.

Bevin's characterization of other decisions as abandonments of some of the other basic due process protections built into manifest injustice procedures is overstated. In *State v. E.J.H.*,[5] for example, this court pointed out that the applicable statute did not require separate, written findings in support of a manifest injustice determination. However, this court noted that the disposition court must set forth its reasons. Those reasons must be supported in the record, and must clearly and convincingly support the conclusion. That is sufficient for meaningful appellate review.

*E.J.H.* did not discard the need for specification of the portions of the record relevant to the disposition. The disposition order referred to and thereby incorporated the oral ruling of the court. That ruling revealed the portions of the record material to the disposition. Moreover, the

---

[3]98 Wn.2d 384, 655 P.2d 1145 (1982).

[4]RCW 13.04.450.

[5]65 Wn. App. 771, 830 P.2d 375 (1992).

written findings plainly identified the relevant portions of the record.

Nor did *State v. N.E.*[6] discard the requirement that the disposition judge consider mitigating factors. This court rejected an argument that the court was required to formally state that it had done so when the record was clear that the court had. The judge stated that she had carefully reviewed the written report of the probation counselor, which discussed the pertinent mitigation factors urged by N.E.

The due process protections necessary to the validity of the manifest injustice exception remain. They are not dependent upon formulistic or rote recitations in the record that necessary procedures have been rigidly followed. Rather, they are found in the essence of the statutes and cases that address the manifest injustice exception. Our careful review of them leads us to conclude that the necessary protections are still in place to prevent the arbitrary or discriminatory application of the manifest injustice exception, and to ensure meaningful appellate review.

■ Bevins argues that some of the reasons given by the trial court are not supported by the record, and do not justify its finding that a standard range disposition would constitute a manifest injustice. The court found on the record that Bevins was very likely to reoffend, needed treatment, was a danger to the community, and would not receive the necessary treatment with a standard range disposition. These factors justify a manifest injustice disposition.[7]

■ In support of the finding that Bevins is a danger to the community, the court adopted points 1 through 11 of the probation counselor's report. While Bevins challenges some of these points, we are convinced that the trial court would have imposed the exceptional disposition

---

[6] 70 Wn. App. 602, 854 P.2d 672 (1993).

[7] *N.E.*, 70 Wn. App. at 606-07.

even absent the challenged points in the report, particularly in view of Bevins' history of setting fires.

Bevins challenges the court's finding that he is at high risk of reoffending. We reject his arguments. The record before the disposition judge disclosed three prior arsons, problems of physical aggression, lack of empathy toward victims, inability to adjust to school programs, and Bevins' acknowledgment that anger underlies his arson proclivities. The record included a variety of reports, authored by Child Protective Services, school personnel, Good Samaritan Mental Health Services, and other psychological evaluations. The record amply supports the court's finding.

Since the remainder of this opinion has no precedential value, it will not be published. *See* RCW 2.06.040; CAR 14.

AGID and Cox, JJ., concur.

Review denied at 133 Wn.2d 1005 (1997).