120 P.3d 975 (2005)
STATE of Washington, Respondent,
v.
Forrest C. MEADE, Appellant.
No. 32209-9-II.
Court of Appeals of Washington, Division 2.
October 11, 2005.
*976 Brett Dino Colacurcio, Grays Harbor County Prosecutor's Office, Montesano, WA, for Respondent.
John Lester Farra, Attorney at Law, Ocean Shores, WA, for Appellant.
BRIDGEWATER, J.
¶ 1 Forrest C. Meade, a juvenile, appeals the trial court's manifest injustice disposition. We hold that sufficient evidence supports the manifest injustice decision, which the trial court found by the "clear and convincing" standard that is equivalent to "beyond a reasonable doubt" under State v. Rhodes, 92 Wash.2d 755, 760, 600 P.2d 1264 (1979), overruled on other grounds in State v. Baldwin, 150 Wash.2d 448, 461, 78 P.3d 1005 (2003). And we hold, based on State v. Schaaf, 109 Wash.2d 1, 743 P.2d 240 (1987), that the United States Supreme Court's decision in Blakely v. Washington[1] does not entitle a juvenile to a jury trial at any stage, either fact finding or disposition. We affirm.
¶ 2 Meade committed third degree theft on December 8, 2003. He pleaded guilty on July 15, 2004, and the court ordered a psychological evaluation. Sentencing occurred on July 29.
¶ 3 Based on the testimony of the probation officer and Meade's mother and the psychological evaluation, the court specifically found: (1) Meade is a threat to himself and the community at large; and (2) Meade failed to follow treatment programs and now needs a structured treatment program. The Order on Adjudication and Disposition further acknowledged the existence of the following aggravating factors: (1) Meade had a recent criminal history or has failed to comply with conditions of a recent dispositional order or diversion agreement; (2) there were other complaints that had resulted in diversion, or a finding or plea of guilty, which were not included as criminal history; (3) the standard range disposition was clearly too lenient considering the seriousness of Meade's prior adjudications; (4) Meade is a risk to re-offend; (5) Meade committed offenses while release was pending; and (6) Meade failed to follow the standards/terms of his probation. Accordingly, the court invoked the manifest injustice exception to the sentencing standards of RCW 13.40.0357 and ordered Meade committed to the Juvenile Rehabilitation Administration for 39 to 52 weeks.

I. Sufficient Evidence
¶ 4 A "[m]anifest injustice" means a disposition that would either impose an excessive penalty on the juvenile or would impose a serious and clear danger to society in light of the purposes of the [Juvenile Justice Act].[2] RCW 13.40.020(17). To uphold a finding *977 of a manifest injustice: (1) substantial evidence in the record must support the trial court's reasons; (2) those reasons must clearly and convincingly support the manifest injustice disposition; and (3) the disposition cannot be too excessive or too lenient. RCW 13.40.230(2); Rhodes, 92 Wash.2d at 760, 600 P.2d 1264. Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth. State v. Solomon, 114 Wash.App. 781, 789, 60 P.3d 1215 (2002), review denied, 149 Wash.2d 1025, 72 P.3d 763 (2003).
¶ 5 In Rhodes, the Washington State Supreme Court equated the "clear and convincing" standard of the three-part test with "beyond a reasonable doubt." Rhodes, 92 Wash.2d at 760, 600 P.2d 1264. The Rhodes court did so because "the `clear and convincing' standard is the civil counterpart to `beyond a reasonable doubt,'" and because "the phrase `manifest injustice' represents a demanding standard." Rhodes, 92 Wash.2d at 760, 600 P.2d 1264. Subsequent appellate court decisions formulate the three-part test using the "beyond a reasonable doubt" standard. See, e.g., State v. Tai N., 127 Wash. App. 733, 742, 113 P.3d 19 (2005) (citing State v. Duncan, 90 Wash.App. 808, 812, 960 P.2d 941, review denied, 136 Wash.2d 1015, 966 P.2d 1278 (1998) and State v. J.N., 64 Wash. App. 112, 114, 823 P.2d 1128 (1992)). Thus, the record must support, beyond a reasonable doubt, the reasons given for finding a manifest injustice. State v. Murphy, 35 Wash.App. 658, 669, 669 P.2d 891 (1983) (discussing Rhodes), review denied, 100 Wash.2d 1034 (1984).
¶ 6 A manifest injustice disposition must rest on a finding that a standard range disposition for this offense and this defendant presents a danger to society. Rhodes, 92 Wash.2d at 760, 600 P.2d 1264. The JJA provides a list of nonexclusive mitigating and aggravating factors that may support a manifest injustice disposition. RCW 13.40.150(2)(h)-(i); State v. Radcliff, 58 Wash. App. 717, 720-21, 794 P.2d 869 (1990). Because the JJA's policy of responding to the needs of offenders is the "critical distinction" between the adult and juvenile systems, the juvenile court must focus on the offenders circumstances and must consider numerous factors that may not be relevant to adult sentencing. Tai N., 127 Wash.App. at 744, 113 P.3d 19.
¶ 7 We hold that substantial evidence supported a manifest injustice disposition:
¶ 8 1. Meade committed four offenses in a three-month period between December 2003 and March 2004, and ran away from home several times during that period. And according to the clinical psychologist's report, Meade admitted he habitually used marijuana and also use alcohol and methamphetamine. He further admitted to drinking alcohol on nearly a daily basis when he ran away from home. Meade also estimated that he attempted suicide four or five times. Meade is clearly a threat to himself and the community.
¶ 9 2. In Tai N., Division One of this court stated that a juvenile's need for treatment may justify imposing a manifest injustice disposition. Tai N., 127 Wash.App. at 745, 113 P.3d 19. Here, Meade's mother testified that attempts at seeking treatment for Meade's behavioral problems have been unsuccessful due to Meade's failure to comply with treatment directives. Meade's probation officer stated that Meade's behavior indicated to him that Meade does not plan on partaking in treatment or therapy even "if we try to force feed him." Report of Proceedings (RP) at 11. The psychologist's report notes (1) [Meade] has failed to follow through with any of the numerous treatment opportunities afforded; (2) Meade was reluctant to engage in therapy in any realistic manner and that there are no indications suggesting that his attitude will change in this regard; (3) Meade needs specific treatment for Oppositional Defiant Disorder (ODD); (4) Meade's drug use needs to be examined more closely in some careful, intensive substance abuse treatment; and (5) because of Meade's failure to cooperate with treatment programs, his current treatment needs are unavailable in the local community. The psychologist recommended that Meade *978 be placed in a structured setting for a minimum of one year, where substance abuse and therapy groups would be a regular part of Meade's weekly routine. Meade's above-mentioned drug and alcohol use also shows a need for structured treatment.
¶ 10 3. Recent criminal history and/or failure to comply with conditions of a recent dispositional order are statutory aggravating factors under RCW 13.40.150(i)(iv). Meade admitted to probation violations resulting from his failure to exercise law abiding behavior, failure to report to his probation officer, and failure to abide by school regulations. Violation of the terms of his probation qualifies as an aggravating factor supporting a manifest injustice determination. See Rhodes, 92 Wash.2d at 761, 600 P.2d 1264.
¶ 11 4. Other complaints resulting in diversion or a finding or plea of guilty, but that are not included as criminal history, are statutory aggravating factors under RCW 13.40.150(i)(vii). Meade has an offender score of zero based on his criminal history. But, Meade's probation officer testified that between December 2003 and July 2004, Meade committed third degree malicious mischief and faced charges of second degree theft and minor in possession. He further testified that during this time, Meade also had a separate probation violation filed against him and had three warrants issued for his arrest. None of these activities appear in the Order and Adjudication Disposition; thus, none are included in Meade's criminal history.
¶ 12 5. A standard range disposition that is clearly too lenient considering the seriousness of the juvenile's prior adjudications is a statutory aggravating factor under RCW 13.40.150(i)(viii). In determining whether a standard range sentence is too lenient, a court determines whether the standard range would, under the circumstances present a danger to society and to the welfare of the juvenile. Rhodes, 92 Wash.2d at 761, 600 P.2d 1264. Here, Meade's recent behavior, failure to comply with treatment directives or probation conditions, and the psychologist's opinion that placement in a structured setting for a minimum of one year would be in Meade's best interest supports the finding that the standard range disposition is clearly too lenient.
¶ 13 6. A trial court's finding that a juvenile is at risk to re-offend is sufficient to find that it is an aggravating factor supporting a manifest injustice disposition. Tai N., 127 Wash.App. at 744, 113 P.3d 19; State v. T.E.C., 122 Wash.App. 9, 21, 92 P.3d 263, review denied, 152 Wash.2d 1012, 106 P.3d 243 (2004). Meade continued to exhibit criminal behavior despite pending third degree theft charges. Meade's recent use of methamphetamine, his escalation in criminal behavior over such a short period, and his mother's view that he victimizes people supports the trial court's finding that Meade is at risk to re-offend.
¶ 14 The trial court did not err in making a manifest injustice disposition.

II. THE JJA, BLAKELY, AND A JUVENILE'S RIGHT TO A JURY TRIAL
¶ 15 We hold that Blakely v. Washington, which held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury," is not applicable to juvenile proceedings; a sentence above the standard range does not need to be submitted to a jury. Blakely, 124 S.Ct. at 2536. RCW 13.04.021(2) provides that cases in the juvenile court shall be tried without a jury. It logically follows that a juvenile is not entitled to a jury during the sentencing stage of the proceedings. Our Supreme Court has repeatedly concluded that proceedings under the JJA are sufficiently distinguishable from criminal prosecutions so that the right to a trial by jury does not attach. Schaaf, 109 Wash.2d at 16-17, 743 P.2d 240; State v. Lawley, 91 Wash.2d 654, 659, 591 P.2d 772 (1979). And while the JJA has been amended numerous times since the Supreme Court's most recent ruling in Schaaf, the JJA remains focused on rehabilitation. See, e.g., State v. Watson, 146 Wash.2d 947, 952-53, 51 P.3d 66 (2002); Tai N, 127 Wash.App. at 739, 113 P.3d 19 (even after the 1997 amendments to the juvenile justice provisions, the state constitution still does not guarantee juveniles the right to trial by jury).
¶ 16 As juveniles have no right to a jury trial in proceedings under the JJA, Blakely's *979 rule designed to protect the Sixth Amendment jury trial right does not apply. The Blakely Court showed no intention, as Meade suggests, to overrule its well-established holding that the right to a jury does not attach to the traditional juvenile justice system. See McKeiver v. Pa., 403 U.S. 528, 543, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). Blakely did not alter long-standing rules regarding when the right to a jury attaches; it merely broadened and delineated the scope of that right once it does attach. See United States v. Mora, 293 F.3d 1213, 1219 (10th Cir.), cert. denied, 537 U.S. 961, 123 S.Ct. 388, 154 L.Ed.2d 315 (2002) ("Apprendi merely clarified and extended the scope of a pre-existing right  the right to have all convictions supported by proof beyond a reasonable doubt."). Because a juvenile adjudicated under the JJA has no right to a jury trial, that same juvenile has no right to have a jury find facts that would support a manifest injustice disposition.

III. PROOF OF AGGRAVATING FACTORS BEYOND A REASONABLE DOUBT
¶ 17 Meade argues that Blakely, requires a trial court to find, beyond a reasonable doubt, the existence of reasons giving rise to a manifest injustice disposition. Meade's argument is without merit.
¶ 18 The JJA requires that a "finding of manifest injustice shall be supported by clear and convincing evidence." RCW 13.40.160(2). In Rhodes, 92 Wash.2d at 760, 600 P.2d 1264, our Supreme Court held that the clear and convincing standard of review enunciated in the JJA was equivalent to beyond a reasonable doubt. Accordingly, Meade's argument that Blakely requires findings of aggravating factors beyond a reasonable doubt is irrelevant in light of the long standing standard in Washington.
¶ 19 Affirmed.
We concur: HOUGHTON, J., and VAN DEREN, A.C.J.
NOTES
[1] 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[2] Purposes of the Juvenile Justice Act of 1977 include, among others: (1) protecting the citizenry from criminal behavior; (2) making the juvenile offender accountable for his criminal behavior; (3) providing for punishment commensurate with the age, crime, and criminal history of the juvenile offender; (4) providing necessary treatment, supervision, and custody for juvenile offenders; (5) providing restitution to victims of crime; and (6) encouraging the parents, guardian, or custodian of the juvenile to actively participate in the juvenile justice process. RCW 13.40.010.