122 P.3d 745 (2005)
130 Wash.App. 219
STATE of Washington, Respondent,
v.
Thomas Wayne MOUNTS, Appellant.
No. 31917-9-II.
Court of Appeals of Washington, Division 2.
November 8, 2005.
Kathryn A. Russell Selk, Russell Selk Law Office, Seattle, WA, for Appellant.
Donna Yumiko Masumoto, Attorney at Law, Pierce Co. Prosc. Atty. Office, Tacoma, WA, for Respondent.
Jennifer Steele, Rule 9 Intern, Pierce Co. Prosc. Atty. Office, Tacoma, WA, for Respondent.
MORGAN, J.P.T.[1]
¶ 1 Thomas Wayne Mounts entered Alford[2] pleas to charges of first degree kidnapping,[3] *746 first degree assault with a firearm enhancement,[4] and first degree unlawful possession of a firearm.[5] Sitting without a jury, the trial court then found that he had four prior juvenile felony adjudications, added two points to his standard range, and imposed standard range sentences.[6]
¶ 2 Citing Apprendi v. New Jersey[7] and Blakely v. Washington,[8] Mounts now claims that his pleas were not knowing, voluntary, or intelligent because, when he entered them, he did not know that he had the right to have a jury decide whether the State had proven his prior juvenile adjudications beyond a reasonable doubt. In both Apprendi and Blakely, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[9] Accordingly, the question here is whether the italicized clause encompasses an adult defendant's prior juvenile adjudications.[10]
¶ 3 Other courts have not answered uniformly. Most say yes,[11] while at least four say no.[12] They seem to answer based on the nature of, procedures employed by, and perceived reliability of, the particular juvenile system that produced the adjudications at issue.[13]
¶ 4 We do not overlook, but we do distinguish, the recent cases of State v. Meade[14] and State v. Tai N.[15] In each of those juvenile-court cases, the question was whether, after Blakely, a juvenile has the right to have a jury find each fact needed to support his juvenile-court sentence. In this adult-court case, the question is whether a sentencing court can use prior juvenile adjudications, rendered without a jury, to increase the defendant's standard range.
¶ 5 Mounts' prior juvenile adjudications were entered in Pierce County between 1997 and 1999. The juvenile court system in effect at that time and place required proof *747 beyond a reasonable doubt.[16] Although it did not give a right to jury trial,[17] it did grant most other adult procedural rights.[18] Believing that it was not significantly less reliable than the adult court system, and following the majority of other courts, we conclude that the prior juvenile adjudications at issue here fell within Apprendi and Blakely's "other than" clause, that the trial court did not err by including them in Mounts' offender score, and that Mounts is not entitled to withdraw his pleas.
¶ 6 Affirmed.
We concur: ARMSTRONG, P.J., and HUNT, J.
NOTES
[1] Judge J. Dean Morgan was serving as a judge of this court when this case was argued. Since retired, he is now serving as a judge pro tempore.
[2] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Newton, 87 Wash.2d 363, 552 P.2d 682 (1976).
[3] RCW 9A.40.020(1)(b).
[4] RCW 9A.36.011(1)(a); RCW 9.94A.510.
[5] RCW 9.41.040(1)(a).
[6] For the kidnapping, the trial court used an offender score of 0 and imposed 68 months' incarceration. For the assault, the trial court used an offender score of 7 and imposed 236 months' incarceration plus a 60-month firearm enhancement. For the firearm offense, the trial court used an offender score of 8 and imposed 116 months' incarceration.
[7] 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[8] 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[9] Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.
[10] We formulate this question as it presently exists, even though the future of the italicized clause may be in doubt. See Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254, 1264, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring in part and concurring in the judgment) (noting that Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided").
[11] United States v. Jones, 332 F.3d 688, 695-96 (3rd Cir.2003), cert. denied, 540 U.S. 1150, 124 S.Ct. 1145, 157 L.Ed.2d 1044 (2004); United States v. Smalley, 294 F.3d 1030, 1032-33 (8th Cir.2002), cert. denied, 537 U.S. 1114, 123 S.Ct. 870, 154 L.Ed.2d 790 (2003); United States v. Burge, 407 F.3d 1183, 1190 (11th Cir.2005); People v. Lee, 4 Cal.Rptr.3d 642, 111 Cal.App.4th 1310, 1316 (2003), cert. denied, 542 U.S. 906, 124 S.Ct. 2840, 159 L.Ed.2d 271 (2004); Nichols v. State, 910 So.2d 863, 865 (Fla.App.2005); Ryle v. State, 819 N.E.2d 119, 123 (Ind.Ct.App.2004); State v. Hitt, 273 Kan. 224, 236,42 P.3d 732 (2002); State v. Weber, 127 Wash.App. 879, 892-93, 112 P.3d 1287 (2005).
[12] United States v. Tighe, 266 F.3d 1187, 1194 (9th Cir.2001); State v. Brown, 879 So.2d 1276, 1289 (La.2004), cert. denied, ___ U.S. ___, 125 S.Ct. 1310, 161 L.Ed.2d 161 (2005); State v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018, at ¶ 13, 825 N.E.2d 250, 254 (2005); State v. Harris, 339 Or. 157, 118 P.3d 236, 246 (2005).
[13] E.g., Brown, 879 So.2d at 1289.
[14] State v. Meade, 129 Wash.App. 918, 120 P.3d 975 (2005).
[15] 127 Wash.App. 733, 113 P.3d 19 (2005).
[16] In re Winship, 397 U.S. 358, 368, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); State v. Rhodes, 92 Wash.2d 755, 760, 600 P.2d 1264 (1979), overruled on other grounds sub nom. State v. Baldwin, 150 Wash.2d 448, 78 P.3d 1005 (2003); Tai N., 127 Wash.App. at 741-42, 113 P.3d 19.
[17] State v. Schaaf, 109 Wash.2d 1, 16-17, 743 P.2d 240 (1987).
[18] RCW 13.40.040(1)(a), (b) (juvenile may be taken into custody under court order based on probable cause or "by a law enforcement officer if grounds exist for the arrest of an adult in identical circumstances"); RCW 13.40.050(1)(a) (when juvenile is taken into custody, an information must be filed within 72 hours or the juvenile must be released); RCW 13.40.050(1)(b) (if an information is filed, a detention hearing must be held within 72 hours); RCW 13.40.050(2) (a juvenile and/ or his or her parents must be given notice of the detention hearing, the time, place, and purpose of the hearing, and the juvenile must be advised of his or her right to counsel); RCW 13.40.050(5), (6) (if a juvenile case is properly before the court and probable cause exists but further detention is not necessary, the juvenile shall be released upon certain conditions); RCW 13.40.140(2) (juvenile has right to counsel at public expense "at all critical stages of the proceedings"); RCW 13.40.140(3) (juvenile's right to counsel includes the right to the appointment of necessary experts); RCW 13.40.140(6) (right to public hearings "unless the court, for good cause, orders a particular hearing to be closed"); RCW 13.40.140(7) (juvenile "shall have the right to adequate notice, discovery as provided in criminal cases, opportunity to be heard, confrontation of witnesses except in such cases as this chapter expressly permits the use of hearsay testimony, findings based solely upon the evidence adduced at the hearing, and an unbiased fact-finder."); RCW 13.40.140(8) ("A juvenile shall be accorded the same privilege against self-incrimination as an adult."); RCW 13.40.140(9) ("Waiver of any right which a juvenile has under this chapter must be an express waiver intelligently made by the juvenile after the juvenile has been fully informed of the right being waived.").