2013 MAY 13 AM 8:46
COURT OF APPEALS DIV I

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69275-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| N.A.J., | ) | |
| | ) | |
| Appellant. | ) | FILED: May 13, 2013 |
| | ) | |

APPELWICK, J. — N.A.J. appeals the manifest injustice disposition imposed by the juvenile court. He argues that the juvenile court erred in basing its manifest injustice disposition on factors not included in the statute. The juvenile court considered factors consistent with the purposes of the Juvenile Justice Act of 1977.[1] We affirm.

## FACTS

N.A.J., a juvenile, pleaded guilty to one count of attempted robbery in the second degree. The State recommended 30 days detention, a disposition within the standard range of 0-30 days. But, the juvenile probation counselor recommended a manifest injustice disposition of 40 to 52 weeks of detention.

---

[1] Chapter 13.40 RCW.

The juvenile court adopted the probation counselor's recommendation and imposed a manifest injustice disposition of 40 to 52 weeks of detention. It made four findings in support of the manifest injustice disposition. First, it found that N.A.J. posed a high risk to reoffend and was a threat to community safety. Second, it found that N.A.J. committed the offense while other criminal matters were pending. Third, it found that a standard range disposition would not provide necessary treatment and supervision for N.A.J. Fourth, it found that prior services, supervision, and parental control had been insufficient to rehabilitate N.A.J.

## DISCUSSION

The Juvenile Justice Act provides sentencing standards for juvenile offenders. See RCW 13.40.0357. However, where a court finds that disposition within the standard range would effectuate a manifest injustice, the court may impose a sentence outside the standard range. RCW 13.40.160(2). The act defines "manifest injustice" as "a disposition that would either impose an excessive penalty on the juvenile or would impose a serious, and clear danger to society in light of the purposes of this chapter." RCW 13.40.020(18). A finding of manifest injustice will be upheld if substantial evidence supports the reasons given, those reasons clearly and convincingly support the disposition, and the disposition is not too excessive or too lenient. RCW 13.40.230(2); State v. J.V., 132 Wn. App. 533, 540, 132 P.3d 1116 (2006). N.A.J. challenges the disposition only under the second prong of this test, arguing the reasons given by the trial court do not properly support the manifest injustice disposition.

2

N.A.J. contends that RCW 13.40.150(3)[2] sets forth an exclusive, rather than illustrative, list of factors that courts can consider in making a manifest injustice determination. He asserts that the juvenile court improperly relied solely on nonstatutory aggravating factors. N.A.J. acknowledges that this court has approved the use of nonstatutory factors to support a manifest injustice disposition. But, he contends that these cases were based on a prior version of the Sentencing Reform Act of 1981(SRA), ch. 9.94A RCW, rather than the Juvenile Justice Act.

---

[2] RCW 13.40.150(3) provides:

Before entering a dispositional order as to a respondent found to have committed an offense, the court shall hold a disposition hearing, at which the court shall:
. . . .
(i) Consider whether or not any of the following aggravating factors exist:
(i) In the commission of the offense, or in flight therefrom, the respondent inflicted or attempted to inflict serious bodily injury to another;
(ii) the offense was committed in an especially heinous, cruel, or depraved manner;
(iii) the victim or victims were particularly vulnerable;
(iv) The respondent has a recent criminal history or has failed to comply with conditions of a recent dispositional order or diversion agreement;
(v) The current offense included a finding of sexual motivation pursuant to RCW 13.40.135;
(vi) The respondent was the leader of a criminal enterprise involving several persons;
(vii) There are other complaints which have resulted in diversion or a finding or plea of guilty but which are not included as criminal history; and
(viii) The standard range disposition is clearly too lenient considering the seriousness of the juvenile's prior adjudications.

3

Contrary to N.A.J.'s contentions, the clear language of the Juvenile Justice Act, as well as our cases applying the act, call on juvenile courts to consider the overall purposes of the act when making a manifest injustice determination. RCW 13.40.150 provides a list of aggravating factors which the juvenile court should consider to determine whether a manifest justice disposition is justified. But, we have consistently approved the consideration of nonstatutory factors. See, e.g., State v. T.E.H., 91 Wn. App. 908, 917-18, 960 P.2d 441 (1998) (a high risk that a juvenile will reoffend is a valid ground for a manifest injustice disposition); State v. S.H., 75 Wn. App. 1, 11-12, 877 P2d 205 (1994)[3] (a high risk to reoffend and the need for treatment are valid grounds for a manifest injustice disposition). And, we recently reiterated in J.V. that the juvenile court may consider both statutory and nonstatutory factors. 132 Wn. App. at 540-41.

N.A.J. relies on In re Postsentence Review of Leach, 161 Wn.2d 180, 163 P.3d 782 (2007), to support his argument that RCW 13.40.150(3) provides an exclusive list. In Leach, our Supreme Court examined a list in the SRA that enumerates which crimes are subject to a sentence of community custody. 161 Wn.2d at 184. It held that the list was exhaustive and that courts may not add to the list, because to do so would usurp the legislature's authority. Id at 186. But, N.A.J.'s reliance on Leach ignores differences in language and purposes of the Juvenile Justice Act and the SRA.

---

[3] State v. Sledge, 83 Wn. App. 639, 922 P.2d 832 (1996), which abrogated this case on other grounds was subsequently vacated, 133 Wn.2d 828, 947 P.2d 1199 (1997)

By contrast, under the Juvenile Justice Act the juvenile court must consider the aggravating and mitigating factors enumerated in RCW 13.40.150, all relevant and material evidence and recommendations, and the stated purposes of the act. State v. P, 37 Wn. App. 773, 778, 686 P.2d 488 (1984). RCW 13.40.150 is not an exclusive list of manifest injustice factors. Leach does not control.

In this case, the juvenile court considered appropriate factors in its manifest injustice determination. It stated four aggravating factors to support imposing a manifest injustice disposition. Three factors that it considered—that N.A.J. posed high risk of reoffending, that a standard range disposition would not provide adequate treatment, and that prior services and supervision were insufficient to rehabilitate N.A.J.—relate to the stated purposes of the Juvenile Justice Act. Those purposes include preserving the community safety and providing necessary treatment, supervision, and custody for juvenile offenders. RCW 13.40.010(2); P, 37 Wn. App. at 778.

Additionally, contrary to N.A.J.'s assertion that the court considered only nonstatutory factors, the fourth factor considered by the juvenile court was based in statute. RCW 13.40.150(3)(i)(vii) requires the court to consider whether there are "other complaints which have resulted in diversion or a finding or plea of guilty but which are not included as criminal history." On July 11, 2012, N.A.J. pleaded guilty to burglary in the second degree and escape in the second degree, both of which occurred prior to the attempted robbery in the second degree at issue at this disposition hearing. Neither

offense was included in N.A.J.'s criminal history for purposes of this disposition. The court found that N.A.J. committed the current offense while other criminal matters were pending, "justifying imposition of a manifest injustice disposition under RCW 13.40.150(3)."

We affirm.

WE CONCUR:

6