**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of:<br><br>THOMAS WAYNE MOUNTS,<br><br>                        Petitioner. | No. 51046-4-II<br><br><br>UNPUBLISHED OPINION |

MAXA, J. – Thomas Wayne Mounts seeks relief from personal restraint imposed following his 2004 convictions for first degree kidnapping, first degree assault, and first degree unlawful possession of a firearm. The trial court imposed a 360 month sentence, which included a mandatory 60-month firearm sentencing enhancement.

Mounts, who was 19 years old when he committed these crimes, argues in his personal restraint petition (PRP) that he is entitled to be resentenced because the trial court did not consider the mitigating qualities of youth before imposing his sentence. He also challenges the constitutionality of his mandatory 60-month firearm sentencing enhancement.

We hold that (1) Mounts' sentencing claim is time barred because he cannot establish that either the significant change in the law or the newly discovered evidence exceptions to the time bar apply to his sentencing claim, and (2) we decline to consider Mounts' firearm enhancement claim because the untimeliness of the sentencing claim renders this PRP a mixed petition. Accordingly, we dismiss this PRP.

FACTS

In January 2004, 19-year-old Mounts and others robbed and assaulted two people and kidnapped one of those people. Mounts pled guilty to the amended charges of first degree

kidnapping, first degree assault, and first degree unlawful possession of a firearm. In June 2004, the trial court imposed a sentence of 360 months, which included a mandatory 60-month firearm sentencing enhancement.

Mounts appealed his convictions, and this court affirmed. *State v. Mounts*, 130 Wn. App. 219, 220, 122 P.3d 745 (2005). The appeal mandated on April 9, 2007.

In August 2017, Mounts filed a CrR 7.8 motion in the trial court, which was transferred to this court as a PRP. In this motion, Mounts argued that he was entitled to be resentenced because the trial court had sentenced him without considering his youth. He further argued that this PRP was not subject to the one-year time bar because *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), was a significant, material, retroactive change in the law. This court stayed Mounts' PRP pending Supreme Court decisions in two cases.

After this court lifted the stay, Mounts filed an amended PRP in December 2018 in which he abandoned his original time bar arguments and argued that his PRP was not time barred because the newly discovered evidence exception to the time bar applied. He asserted that this newly discovered evidence consisted of recent developments in brain science regarding late adolescents. In support of this claim, Mounts submitted an August 2018 declaration from Dr. Laurence Steinberg. This court again stayed the PRP pending a Supreme Court decision.

After this court lifted the stay, Mounts filed a second amended PRP in September 2021. In this PRP, Mounts again asserts that he was entitled to be resentenced based on the trial court's failure to consider his youth at sentencing. He contends that this issue is not time barred under the significant change in the law and the newly discovered evidence exceptions to the one-year time bar. In addition, Mounts challenges his 60-month firearm sentencing enhancement, arguing

that he is entitled to resentencing because the mandatory firearm enhancement statute is unconstitutional as applied to a late adolescent.

ANALYSIS

A.     PRP TIME BAR

RCW 10.73.090(1) provides that a petitioner generally must file a PRP within one year after their facially valid judgment and sentence becomes final. However, RCW 10.73.100 lists six exceptions to the one-year time limit. These include:

> (1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the [PRP] or motion;
> (2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
>
> . . . .
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence . . . , and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

RCW 10.73.100(1), (2), (6).

If a PRP raises one or more claims that fall within one of these statutory exceptions but also raises one or more claims that are time barred, the PRP is a "mixed petition" that must be dismissed. *In re Pers. Restraint of Young*, 21 Wn. App. 2d 826, 830, 508 P.3d 687 (2022).

B.     TIME BAR EXCEPTIONS INAPPLICABLE TO SENTENCING CLAIM

Mounts argues that his sentencing claim is not time barred because both the significant change in the law exception under RCW 10.73.100(6) and the newly discovered evidence exception under RCW 10.73.100(1) apply. We disagree.

1. Significant Change in the Law Exception

Under RCW 10.73.100(6), the time bar does not apply if the PRP is "[1] based on a significant change in the law, [2] which is material to the conviction or sentence, and [3] sufficient reasons exist to require retroactive application of the changed legal standard." *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 233, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754 (2021).

Mounts argues that *State v. Houston-Sconiers*, 188 Wn.2d 1, 34, 391 P.3d 409 (2017), is a significant, material, retroactive change in the law that is applicable to him through *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 329, 482 P.3d 276 (2021), which he contends extended *Houston-Sconiers* to young adult offenders such as himself.

The Supreme Court has held that *Houston-Sconiers* is a significant change in the law that applies retroactively to certain claims. *Ali*, 196 Wn.2d at 233-35; *but see In re Pers. Restraint of Hinton*, ___ Wn.3d ___, 525 P.3d 156, 161-62 (2023) (holding that a part of the rule stated in *Houston-Sconiers* is procedural and does not apply retroactively). But RCW 10.73.100(6) applies here only if *Houston-Sconiers* is material to Mounts' sentence. *Young*, 21 Wn. App. 2d at 831. *Houston-Sconiers* is not material here because the Supreme Court has expressly limited the holding in *Houston-Sconiers* to juvenile defendants, and Mounts was not a juvenile when he committed his offenses. *Id.* at 831-32.

And Mounts' assertion that *Monschke* has extended *Houston-Sconiers* to young adult offenders has no merit. The Supreme Court has held that *Monschke* is only material to young adult offenders who were convicted under the aggravated murder statute and sentenced to mandatory life sentences. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 24-25, 513 P.3d 769 (2022).

Accordingly, we conclude that the RCW 10.73.100(6) significant change in the law exception to the time bar does not apply to Mounts' sentencing claim.

2. Newly Discovered Evidence Exception

Mounts argues that the newly discovered evidence exception to the time bar applies. The alleged newly discovered evidence involves a growing understanding that the still developing brains of late adolescents affect their culpability for crimes.

To satisfy the newly discovered evidence exception under RCW 10.73.100(1), a petitioner must present evidence that " '(1) will probably change the result of the trial, (2) was discovered since the trial, (3) could not have been discovered before trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching.' " *Kennedy*, 200 Wn.2d at 13 (quoting *In re Pers. Restraint of Fero*, 190 Wn.2d 1, 15, 409 P.3d 214 2018)).

In addition, the petitioner also must show that he "acted with reasonable diligence in discovering the evidence and filing the petition." RCW 10.73.100(1).

Here, Mounts focuses only on whether evidence regarding the brain development of late adolescents could have been discovered before his sentencing and whether the evidence was material. He relies on Steinberg's declaration regarding the increasing knowledge in the scientific community over the previous 15 years. He also argues that a key scientific article on which this court relied in an earlier case was not published until June 2004, and this article was not available until after his June 3, 2004 sentencing.

The Supreme Court's decision in *Kennedy* undermines Mounts' newly discovered evidence claim. In that case, the court rejected a newly discovered evidence claim based on the same declaration from Steinberg. 200 Wn.2d at 13-18. Although that case involved a 2007 sentencing rather than the 2004 sentencing here, the court noted that Steinberg's declaration

5

suggested that research and understanding regarding the development of late adolescent brains existed as early as 2003. *Id.* at 18.

However, even if this brain science evidence was newly discovered, in neither of Mounts' amended PRPs does he address whether this evidence probably would change the result of the sentencing. This is an essential element of the RCW 10.73.100(1) exception. *Id.* at 13, 18. We cannot speculate whether the evidence on which Mounts relies would have resulted in a different sentence. *See id.* at 20 ("It is entirely speculative whether the additional studies Kennedy points to would have persuaded the trial court to impose a mitigated sentence below the standard range.").

Further, Mounts does not address the reasonable diligence requirement. The one-year time period started to run when Mounts' appeal mandated in 2008, RCW 10.73.090(3)(b), and Mounts did not raise this claim until more than 10 years later in his amended PRP. Mounts does not explain why it took more than 14 years after his sentencing to discover a scientific article published in 2004 or to raise this claim, particularly in light of the fact that beginning in 2005 the United States Supreme Court issued a series of cases explaining advances in adolescent brain development. *See id.*, 200 Wn.2d at 15.

Because Mounts does not show that his sentencing claim is subject to any exception to the time bar, we hold that this claim was untimely.

C. FIREARM SENTENCING ENHANCEMENT

Mounts challenges his 60-month firearm sentencing enhancement. He argues that firearm sentencing enhancements are unconstitutional as applied to late adolescents and that the unconstitutional statute exception to the time bar, RCW 10.73.100(2), applies. Because we hold

that Mounts' sentencing claim is time barred, this PRP is a mixed petition and must be dismissed without reaching this claim.

CONCLUSION

We dismiss Mounts' PRP as a mixed petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

GLASGOW, C.J.

CHE, J.