# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47488-3-II |
| Respondent, | |
| v. | |
| TERRENCE FRANK SMITH, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Terrence Frank Smith appeals his guilty plea conviction for first degree robbery of a financial institution. Smith argues that (1) the superior court erred when it denied his CrR 4.2(f) motion to withdraw his guilty plea because (a) there was no factual basis for the plea, and (b) his plea was not voluntary, knowing, and intelligent because his counsel failed to provide him with all of the relevant evidence before he entered his plea and (2) defense counsel provided ineffective assistance by failing to provide him with all of the evidence before he entered his plea. Because Smith fails to show that the superior court abused its discretion in denying his CrR 4.2(f) motion and fails to show ineffective assistance of counsel, we affirm.

FACTS

I. BACKGROUND

On August 5, 2014, an African-American male entered a bank wearing a bandana over his face and a red and black flannel shirt. He pointed a handgun at two bank employees; demanded

money from them; and, after they gave him the money, left the bank in a car driven by Smith's identical twin brother Terrell Smith.

A woman working next door to the bank had seen an African-American man wearing a "button-up shirt and . . . a bandana on his head" run past her store. Clerk's Papers (CP) at 88. She then saw the same man run by her window again and "get into an older blue car." CP at 88. The woman contacted the bank and found out about the robbery.

About four minutes after the robbery, a deputy located a vehicle matching the robbery vehicle's description. When the deputy activated his lights, the blue car sped away. Another deputy pursued the car and successfully stopped it by running the car into a ditch. Terrell Smith was driving the car. Terrell's brother, Smith, was the passenger. Both men were African-American. Smith was wearing "a white tank-top and baggy grey sweat pants." CP at 88. Smith and Terrell both unsuccessfully attempted to flee on foot.

Inside the car, the deputies found a large silver handgun on the floor below the steering wheel. The deputies also found "a red, white and blue or black colored plaid shirt" on the passenger side and currency on the floor next to the passenger's seat. CP at 89.

When deputies brought the robbery victims to the scene, one of them identified Smith as the robber, stating that Smith's grey sweatpants, build, and size matched those of the robber. According to the probable cause statement, a surveillance video showed that the robber was wearing athletic shoes with dark tops and light soles that were similar to those Smith was wearing

and that he was wearing "pants consistent with grey sweatpants," which was consistent with what one of the victims described.[1]  CP at 89.

## II.  PROCEDURAL FACTS

### A.  GUILTY PLEA

The State initially charged Smith with two counts of first degree robbery of a financial institution, both with firearm sentencing enhancements; first degree unlawful possession of a firearm; and obstructing a law enforcement officer.  Three months later, the State amended the charges to one count of first degree robbery of a financial institution, charging Smith as a principal or an accomplice, without a firearm sentencing enhancement, to facilitate a plea.

The State advised the superior court that although the State could easily prove first degree robbery and first degree unlawful possession of a firearm, there were potential problems proving the firearm sentencing enhancements.  Smith initially agreed to allow the superior court to rely on the probable cause statement and/or the police reports to find a factual basis for the plea rather than to make a statement.

At the November 18, 2014 change of plea hearing, the superior court reviewed the evidence[2] and commented,

---

[1] This video is not part of the appellate record.

[2] Although the superior court stated it was reviewing the statement of probable cause and did not mention any police reports or other evidence, some of its statements during the plea colloquy suggest that it was looking at other evidence.  For instance, the superior court refers to a witness stating that the robber was wearing jeans, but that fact is not in the probable cause statement.  There are, however, no police reports, photographs, witness statements, or any other documents related to the facts of the offense other than the statement of probable cause in the appellate record.

> I'm having trouble finding how this supports a plea of guilty to Robbery in the First Degree. I understand all the circumstantial evidence, I get the car, I get the weapon, I get the cash. Is it your position that this is enough to satisfy the providency [sic] of a plea? There is nothing here to say he's the guy that was either behind the wheel or was the guy that had the gun.

Verbatim Report of Proceedings (VRP) (Nov. 18, 2014) at 8. The State responded that (1) Smith's clothing matched the robber's clothing and, because the deputies started their pursuit almost immediately after the robbery, the two men did not have time to change clothes and (2) one of the bank tellers identified Smith as the robber based on his clothing immediately after the officers stopped the getaway car.

The superior court expressed concern that a witness from "next door in the strip mall" stated that the robber ran past the businesses in a button up shirt and jeans and that he was wearing a bandana on his head. VRP (Nov. 18, 2014) at 10. Concerned about what the witness saw outside the bank, the superior court stated it could not find a factual basis for the plea based on the descriptions of the robber's clothing.

The superior court recessed to allow defense counsel to talk to Smith. When Smith returned, he agreed to provide a written statement to establish the factual basis for the plea. Defense counsel commented that when she and Smith spoke, she "made sure Mr. Smith understood what the court was saying in terms of the court's concerns by just accepting the probable cause statement" and that Smith understood the court's "concerns." VRP (Nov. 18, 2014) at 12.

Smith wrote the following statement: "On Aug. 5, 2014, in Tacoma, Pierce County Washington, I went into the financial institution and took money that was not mine by force or fear of injury." CP at 25. The superior court confirmed with Smith that he had written this statement and that it was an accurate description of the offense. Smith also agreed that he was

4

entering the plea because he believed he was "guilty of the offense," first degree robbery. VRP (Nov. 18, 2014) at 13. The superior court accepted the guilty plea and scheduled a sentencing hearing.

B. MOTION TO WITHDRAW GUILTY PLEA

At the start of the sentencing hearing before another judge, defense counsel notified the court that Smith wanted to withdraw his guilty plea and that he wanted her to withdraw as Smith's counsel. The court denied the motion to substitute counsel without prejudice and deferred ruling on the motion to withdraw the guilty plea to the original judge.

A few days later, defense counsel submitted a written CrR 4.2(f) motion to withdraw the guilty plea.[3] In this motion, Smith argued, *inter alia*, that he had not received or reviewed defense counsel's and his investigator's notes of the witnesses' interviews and that he "did not review all of the discovery in the case" before entering his plea. CP at 37. He asserted that, apparently in light of materials he later reviewed with defense counsel and his investigator, taking the State's offer was not in his best interest and that he was misadvised by defense counsel. Defense counsel also moved to withdraw.

Ten days later, Smith filed a handwritten letter regarding his attempt to withdraw his guilty plea. He asserted that he wished to withdraw his plea due to ineffective assistance of counsel based on defense counsel's failure (1) to investigate or keep him informed and properly advised during plea negotiations, (2) to allow him to review the evidence, and (3) to file unspecified motions.

---

[3] Because this motion to withdraw the plea was filed before the judgment was entered, it was a CrR 4.2(f) motion.

Smith specifically stated that he was concerned about the evidence relating to the identity of the robber because there were several descriptions of the robber,[4] and defense counsel had not interviewed all of the witnesses.

On March 26, Smith filed another letter with the superior court. In this letter, Smith asserted that he had only recently been able to review the "evidence in [his] case" and had concluded that the police made "mistake[s]" in this case, that his original defense counsel had failed to address those mistakes, and that his decision to plead guilty was not an informed decision because he was not aware of this additional evidence. CP at 54-55. Smith did not, however, describe the substance of the evidence he had recently reviewed.

The next day, after allowing Smith's original counsel to withdraw and appointing new counsel, the superior court judge who had accepted Smith's guilty plea heard the motion to withdraw the plea. In lieu of an affidavit or any other documentation, Smith testified.

Smith testified that despite his requests, his original counsel failed to provide him with all of the "discovery" before he entered his guilty plea. VRP (Mar. 27, 2015) at 24. Without describing the specific content of this evidence, he stated that after he pleaded guilty, his investigator brought him some "discovery" he had not seen before, including the bank surveillance video, some photographs of the car search, the location the car had crashed, and some fingerprint testing. VRP (Mar. 27, 2015) at 25. He asserted that this evidence demonstrated that the identity of the robber was at issue and that he would not have pleaded guilty if he had seen this evidence earlier.

---

[4] Smith stated that among four eyewitnesses there were "3 different descriptions of the perp[e]trator." CP at 46. But he did not state what these differences were.

Following this testimony, Smith's new counsel argued that the only basis to withdraw the guilty plea was ineffective assistance of counsel stemming from Smith's original counsel's failure to provide him with "all [of] the discovery" and on Smith's inability to review all of this discovery before pleading guilty. VRP (Mar. 27, 2015) at 32. Counsel stated that there were notations in Smith's original counsel's file confirming that after Smith had entered his guilty plea, an investigator had shown Smith additional evidence that Smith had not seen before entering his plea. Defense counsel then argued that Smith should be able to withdraw his plea because he did not "have all the discovery prior to the plea." VRP (Mar. 27, 2015) at 32. Defense counsel stated that Smith said that if he had seen the additional evidence before entering his plea, it would have "made a big difference in how he perceived the case, how he would have interpreted and taken comments from his counsel and/or Mr. Antonson as to what he should do." VRP (Mar. 27, 2015) at 32. As it had during the plea hearing, the State responded that the identity of the robber was based on Smith's and Terrell Smith's clothing.

After the hearing, the superior court stated that it had initially found the statement of probable cause insufficient to establish the factual basis for the plea. Although the superior court could not recall its specific concern about the factual basis at the plea hearing, it commented that it would not have accepted Smith's plea if its concern had not been addressed at that time. Specifically, it commented,

> The weight of your question, of course, is the question of whether or not there is a basis, based upon this information, to withdraw the guilty plea. And I'm not satisfied that there is. I'm satisfied that the evidence in this case, circumstantial and direct, is substantial insofar as it relates to this issue of identity. Granted, my exposure to this case is fairly limited. I was in the criminal division presiding, and, accordingly, I took a plea. And I don't recall, specifically, how counsel remedied

7

the plea, but I know they remedied it because I said I needed to know the specifics. And it may be that I had an inquiry of Mr. Smith, I don't remember, I don't.

. . . .

I do remember this. And I remember there was a disconnect and I did something, that's the part I don't remember.

. . . .

And so anyway, in any event, we have to look at certain criteria and I'm not satisfied there's a basis to allow the withdrawal of the guilty plea. Accordingly, I'm denying that as well as the other motions posed by Mr. Smith.

RP (Mar. 27, 2015) at 32-33.

The superior court then sentenced Smith. Smith appeals his conviction and the denial of his motion to withdraw his guilty plea.

## ANALYSIS

Smith argues that the superior court abused its discretion when it denied his motion to withdraw his guilty plea and that he received ineffective assistance of counsel.[5] These arguments fail.

The concurrence asserts that our characterization of Smith's argument that the superior court erred in determining there was a factual basis for the plea, misconstrues Smith's argument and results in an advisory opinion. Concurrence at 16. We disagree and are doing our best to discern all of the arguments Smith makes and fully address them. Smith's underlying issue is that

---

[5] Smith argues that after he filed a motion to withdraw the plea, the judge who had accepted his guilty plea said that he did not remember taking the plea, and thus Smith argues that the court's failure to remember is not a proper basis to accept the plea. Smith also argues that he was denied effective assistance of counsel at his plea hearing. Additionally, he argues on appeal that he received ineffective assistance of counsel. We assume Smith makes three arguments. First, that the trial court abused its direction in determining that there was a factual basis for the plea. Second, because Smith's counsel was ineffective, that the motion to withdraw his plea should have been granted. Third, that Smith makes a separate claim for ineffective assistance of counsel.

the trial court erred in accepting his plea. We read Smith's brief as raising three separate issues and arguments. By addressing each of the issues separately, we fully address all of the arguments Smith seems to make. First, Smith argues that after he filed a motion to withdraw the plea, the judge who had accepted his guilty plea said that he did not remember taking the plea, and thus the court's failure to remember is not a proper basis to accept the plea. We address whether the trial court abused its discretion in determining that there was a factual basis for the plea. Second, Smith also argues that he was denied effective assistance of counsel at his plea hearing. We address whether Smith's counsel was ineffective and whether the motion to withdraw his plea should have been granted. Third, Smith argues on appeal that he received ineffective assistance of counsel, and we address this claim separately.

## I. DENIAL OF MOTION TO WITHDRAW GUILTY PLEA

### A. LEGAL PRINCIPLES

CrR 4.2(f) governs a defendant's prejudgment withdrawal of a guilty plea and provides in part, "The court shall allow a defendant to withdraw [his] plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." A "[m]anifest injustice" is "an injustice that is obvious, directly observable, overt, [and] not obscure." *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974). One exists if: (1) the defendant was denied effective assistance of counsel; (2) the defendant did not ratify the plea; (3) the plea was involuntary; or (4) the prosecution violated the plea agreement. *State v. Wakefield*, 130 Wn.2d 464, 472, 925 P.2d 183 (1996).

Generally, we review a superior court's denial of a motion to withdraw a guilty plea for abuse of discretion. *State v. A.N.J.*, 168 Wn.2d 91, 109, 225 P.3d 956 (2010). A superior court

abuses its discretion when it bases its decision on untenable grounds or reasons. *State v. Brown*, 132 Wn.2d 529, 571, 940 P.2d 546 (1997), *cert. denied*, 523 U.S. 1007 (1998). In the ineffective assistance of counsel context, however, "'[b]ecause claims of ineffective assistance of counsel present mixed questions of law and fact, we review them de novo.'" *A.N.J.*, 168 Wn.2d at 109 (alteration in original) (quoting *In re Pers. Restraint of Fleming*, 142 Wn.2d 853, 865, 16 P.3d 610 (2001)).

## B. FACTUAL BASIS FOR THE PLEA

Smith first argues that the superior court abused its discretion when it determined that there was a factual basis for the plea and denied the CrR 4.2(f) motion on that ground. We disagree.

A factual basis for a guilty plea exists when there is "sufficient evidence, from any reliable source," that would allow a jury to find the defendant guilty. *State v. Zhao*, 157 Wn.2d 188, 198, 137 P.3d 835 (2006). The trial court need not be convinced beyond a reasonable doubt that the defendant is guilty. *Zhao*, 157 Wn.2d at 198.

The element at issue was the robber's identity, and the State provided facts that the clothing Smith was wearing was similar to that of the robber's and that one of the witnesses identified him as the robber based on this clothing. Furthermore, Smith provided the trial court with a statement in which he admitted to the robbery. Thus, the record clearly shows that there was a factual basis for the plea when the trial court accepted the plea and the trial court did not abuse its discretion when it refused to allow Smith to withdraw his guilty plea because there was no factual basis.[6]

---

[6] Additionally, we note that although the trial court focused on whether there was a factual basis establishing that Smith was the robber, Smith was also charged as an accomplice and the evidence clearly provided a factual basis to find that Smith was, at the least, an accomplice to the offense.

C. VOLUNTARY, KNOWING, AND INTELLIGENT PLEA

Smith next argues that the superior court abused its discretion when it denied his motion to withdraw his guilty plea because he entered the plea before he was able to review the surveillance video from the bank and photographs from the scene of the car crash, which he asserts demonstrate that the State could not prove its case. He asserts that because his guilty plea was not voluntary, knowing, and intelligent, the superior court erred in not allowing him to withdraw his guilty plea. We disagree.

Due process requires that a guilty plea be voluntary, knowing, and intelligent. *State v. R.L.D.*, 132 Wn. App. 699, 705, 133 P.3d 505 (2006). The defendant must understand that his alleged criminal conduct satisfies the elements of the offense. *R.L.D.*, 132 Wn. App. at 705. "Without an accurate understanding of the relation of the facts to the law, a defendant is unable to evaluate the strength of the State's case and thus make a knowing and intelligent guilty plea." *R.L.D.*, 132 Wn. App. at 705-06. Smith argues that he could not have had an accurate understanding of the facts in relation to the law because he was not aware that the evidence demonstrated the State would potentially be unable to prove the robber's identity.

The record shows that Smith reviewed evidence that he was previously unaware of after he entered his guilty plea, specifically a video from the bank; photographs of the car and the scene of the car crash; and, possibly, fingerprint evidence. But the record contains no description of the content of this additional evidence beyond Smith's bare assertion that this evidence suggested that

there was more than one description of the robber.[7] There is no evidence in the record demonstrating that this additional evidence contained conflicting evidence about the robber's clothing or identification. Thus, Smith fails to show that his inability to review all of the evidence before entering the plea prevented him from having an accurate understanding of the facts of the case. Based on this record, we hold that the superior court did not abuse its discretion when it denied Smith's CrR 4.2(f) motion on this ground.

D. INEFFECTIVE ASSISTANCE OF COUNSEL—BASIS FOR CrR 4.2(f) MOTION

Smith further argues that the superior court should have allowed him to withdraw his plea based on ineffective assistance of counsel because his counsel (1) failed to advise him of the weaknesses in the State's case, specifically the State's potential inability to prove the robber's identity and (2) failed to provide him with all of the "discovery" before he entered his guilty plea. We review this issue de novo. *A.N.J.*, 168 Wn.2d at 109.

To establish ineffective assistance of counsel, Smith must show, based on the record, that (1) defense counsel's performance fell below an objective standard of reasonableness and (2) this deficiency was prejudicial. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)); *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). The *Strickland* test applies to claims of ineffective assistance of counsel in the plea process. *State v. Sandoval*, 171 Wn.2d 163, 169, 249

---

[7] We acknowledge that the trial court stated during the plea colloquy that there were differing descriptions of the robber's clothing. But Smith's argument here is based on facts he asserts he learned after entering his guilty plea. Because the evidence Smith later reviewed is not in the record, we cannot determine what identifying factors he now asserts would have influenced his decision to plead guilty, nor can we determine whether they were the same identifying factors that concerned the trial court during the plea colloquy.

P.3d 1015 (2011). In the context of a guilty plea, the defendant must show that (1) defense counsel failed to actually and substantially assist the defendant in deciding whether to plead guilty and (2) but for counsel's failure to provide adequate advice, the defendant would not have pleaded guilty. *Sandoval*, 171 Wn.2d at 175-76; *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984). We indulge in a strong presumption that counsel's performance was reasonable. *Grier*, 171 Wn.2d at 33.

Smith asserts that his original defense counsel did not advise him that the State would have difficulty proving the robber's identity. Although the record shows Smith's original counsel and the investigator met with Smith to discuss the case, the record does not contain any information about what Smith and his counsel discussed. Thus, Smith does not establish that counsel failed to properly advise him.[8] Accordingly, we hold that the superior court did not abuse its discretion when it denied Smith's CrR 4.2(f) motion based on Smith's claim of ineffective assistance of counsel.

Furthermore, even if we assume that defense counsel did not inform Smith about the additional evidence Smith reviewed after entering his plea, without knowing the content of this evidence, we cannot evaluate whether this additional information would have reasonably influenced Smith's decision regarding his plea. For instance, this evidence may have been accurately characterized in the statement of probable cause, which suggests that the State could have identified Smith by eyewitness identification of his clothing.

---

[8] *McFarland*, 127 Wn.2d at 335 (if a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition).

Also, Smith does not show how this evidence would have made a difference in his plea. Smith was charged as either the principal or an accomplice and there is no evidence that a third party was involved in this offense. Even if the additional evidence could have raised questions about whether Smith or his twin brother were the robber or the driver of the get-way car, it would not have lessened the likelihood of a conviction. Thus, Smith cannot establish that the alleged failure to provide him with this additional evidence was prejudicial. Because Smith fails to establish that his counsel's alleged failure to provide Smith with all of the evidence he needed to evaluate his case was deficient performance or prejudicial, his claim fails.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, Smith appears to argue that we should reverse his conviction because he received ineffective assistance of counsel. As stated above, to establish ineffective assistance of counsel in the plea context, Smith must show, based on this record, that defense counsel failed to actually and substantially assist him in deciding whether to plead guilty and that but for counsel's failure to provide adequate advice, he would not have pleaded guilty. *Grier*, 171 Wn.2d at 32-33; *Sandoval*, 171 Wn.2d at 175-76; *Osborne*, 102 Wn.2d at 99.

As discussed above, the record does not reveal what Smith and his original defense counsel discussed or the content of the additional evidence Smith obtained. Thus, we cannot discern whether Smith's original counsel failed to properly advise him or whether the information Smith later obtained would have reasonably influenced his decision to plead guilty. Accordingly, his ineffective assistance of counsel claim fails.

14

No. 47488-3-II

Because Smith fails to show that the superior court abused its discretion in denying his CrR 4.2(f) motion to withdraw his plea or that defense counsel provided ineffective assistance of counsel, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

I concur:

MELNICK, J.

LEE, J. (concurring) — The majority assumes Smith argues that the superior court erred in determining there was a factual basis to accept his plea. Majority at 8-9. I respectfully disagree with the majority addressing an argument that was not raised. And I view the majority's determination that a factual basis existed for the superior court to accept the plea as an advisory opinion that should not be put forth. *See, e.g., State v. Elliott*, 114 Wn.2d 6, 15, 785 P.2d 440, *cert. denied*, 498 U.S. 838 (1990) (declining to render a decision on an issue that the petitioner did not directly raise nor present sufficient argument on).

Smith argues in his brief:

> Without explanation, after the motion to withdraw the plea, based on the same evidence, the same judge ruled that even though he did not remember taking the plea, since he did take the plea there must have been sufficient evidence to support the plea. 3 RP 32-33. This was an abuse of discretion because relying on a past decision based on facts the judge could not remember is an untenable basis for a decision, a failure to remember. This is outside the range of acceptable choices.

Br. of Appellant at 8-9. In essence, Smith argues that the superior court abused its discretion in relying on its decision to accept the guilty plea as a basis for denying the motion to withdraw. Smith contends this was in error because the superior court's reliance on a past decision based on facts the judge could not remember is an untenable basis for a decision. Smith's argument is without merit.

As the majority points out, before accepting the guilty plea, the superior court expressed its concern about whether the identity of Smith as the robber was established. Majority at 4. The superior court's solution was to recess and allow defense counsel and Smith to confer. Majority at 4. After conferring with counsel, Smith wrote, "On Aug. 5, 2014, in Tacoma, Pierce County Washington, I went into the financial institution and took money that was not mine by force or

fear of injury." Clerk's Papers at 25. The superior court then confirmed with Smith that Smith had written the statement, that the statement was accurate, and that Smith believed he was guilty of first degree robbery. Majority at 4-5. At that point, the superior court accepted Smith's guilty plea. Majority at 5. At the hearing on the motion to withdraw the guilty plea, the superior court stated, "I'm satisfied that the evidence in this case, circumstantial and direct, is substantial insofar as it relates to this issue of identity." Report of Proceedings (RP) (Mar.27, 2015) at 32.

Smith's argument on appeal clings to the superior court having only a minimal memory of taking the guilty plea. The record shows that the superior court did recall taking the plea, but it could not recall the specific details about how the identity issue was resolved. *See* RP (Mar. 27, 2015) at 32-33 (where the superior court stated that it could not recall, "specifically, how counsel remedied the plea," as to the issue of identity, "but I know they remedied it because I said I needed to know the specifics."). Smith cites no authority for the proposition that a superior court considering a motion to withdraw a guilty plea must have a complete and independent memory of the proceeding. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) (holding that where no authority is cited for a proposition, we may assume that counsel, after diligent search, has found none). Where arguments are not supported by authority, we do not consider them. RAP 10.3; *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Smith's argument fails.

17

No. 47488-3-II

Thus, I concur with the majority in the result, but I write separately to address what I believe to be Smith's argument on appeal. Smith's argument that the superior court abused its discretion by "relying on a past decision based on facts the judge could not remember" fails. Br. of Appellant at 8-9.

_____
LEE, J.