# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54451-2-II |
| Respondent, | |
| v. | |
| WILLIAM CHARLES WILLIAMS | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — William C. Williams appeals his convictions for possession of a stolen vehicle and possession of a controlled substance. Williams argues that there was an insufficient factual basis to support his guilty plea to possession of a stolen vehicle. Williams also argues that his conviction for possession of a controlled substance is unconstitutional based on *State v. Blake*.[1] The State concedes that there was an insufficient factual basis to support Williams' guilty plea to possession of a stolen vehicle. We accept the State's concession. And we hold that Williams' conviction for possession of a controlled substance based on an unconstitutional statute is void. Accordingly, we reverse Williams' convictions. We remand to the trial court to allow Williams to withdraw his guilty plea to possession of a stolen vehicle and to vacate Williams' conviction for possession of a controlled substance.

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

FACTS

On October 26, 2017, the State charged Williams with possession of a stolen motor vehicle, unlawful possession of a controlled substance, and obstructing. In December, Williams pled guilty to possession of a stolen vehicle and possession of a controlled substance.[2] Williams' guilty plea included the following statement, "On October 14, 2017, in Mason County, Washington, I had possession of a stolen motorcycle; I also had possession of methamphetamine." Clerk's Papers (CP) at 10. The trial court conducted a colloquy with Williams but relied only on Williams' statement in the plea of guilty for the factual basis for the plea. The trial court accepted Williams' guilty plea as knowingly, voluntarily, and intelligently made.

Prior to sentencing, Williams was accepted into drug court. On May 30, 2019, the State petitioned for Williams' termination from drug court. On June 6, 2019, the trial court terminated Williams' participation in drug court and set the case for sentencing.

The trial court calculated Williams' offender score as 9+, which included 3 points from prior convictions for unlawful possession of a controlled substance. The trial court imposed a standard range sentence based on Williams' calculated offender score.

Williams appeals.

ANALYSIS

A. POSSESSION OF A STOLEN VEHICLE

Williams argues that his plea to possession of a stolen vehicle was involuntary because there was not a sufficient factual basis to support the plea. The State concedes that the plea was

---

[2] The State dismissed the count of obstructing.

not supported by a factual basis and was, therefore, involuntary. We accept the State's concession and remand to allow Williams to withdraw his guilty plea to possession of a stolen vehicle.

"Due process requires that a guilty plea must be knowing, intelligent, and voluntary." *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.3d 1082 (2008). To be voluntary, the defendant must understand the nature of the charges and the consequences of pleading guilty. *Codiga*, 162 Wn.2d at 922. The trial court must also determine that there is an appropriate factual basis for the plea. *Codiga*, 162 Wn.2d at 922. "In the absence of a sufficient factual basis, a defendant's plea cannot be considered voluntary." *In re Matter of Evans*, 31 Wn. App. 330, 332, 641 P.2d 722 (1982). A defendant may withdraw an involuntary plea. *Codiga*, 162 Wn.2d at 922-23.

Williams relies on *State v. R.L.D.*, 132 Wn. App. 699, 706, 133 P.3d 505 (2006), to argue that the appropriate remedy is to vacate and dismiss the charge. *R.L.D.* relied on *In re Pers. Restraint of Keene*, 95 Wn.2d 203, 622 P.2d 360 (1980), to state that the remedy for a plea entered without a proper factual basis is to vacate and dismiss. However, the usual remedy for an involuntary plea is withdrawal of the plea. *Codiga*, 162 Wn.2d at 922-23. Neither *R.L.D.* nor *Keene* provide any analysis explaining why the remedy for a guilty plea that is involuntary based on insufficient factual basis in the record should be different than the remedy for a plea that is involuntary on other grounds. *E.g., In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 595, 316 P.3d 1007 (2014) (An involuntary plea is a manifest injustice that justifies withdrawal of a guilty plea.).

Under RCW 9A.56.068, a person is guilty of possession of a stolen vehicle if he possesses a stolen motor vehicle. The State must prove that the defendant knew the vehicle was stolen. RCW 9A.56.140(1); *State v. Lakotiy*, 151 Wn. App. 699, 714, 214 P.3d 181 (2009).

Here, the only factual basis for Williams' guilty plea was his statement, "On October 14, 2017, in Mason County, Washington, I had possession of a stolen motorcycle." The State concedes that nothing in this statement is sufficient to show that Williams knew that the motorcycle was stolen. We agree. Nothing in the record establishes a factual basis for finding that Williams had knowledge that the motorcycle was stolen. Therefore, there is not a sufficient factual basis for Williams' guilty plea to possession of a stolen vehicle. We reverse Williams' conviction for possession of a stolen vehicle and remand to the trial court to allow Williams to withdraw his guilty plea to possession of a stolen vehicle.

B. POSSESSION OF A CONTROLLED SUBSTANCE

Williams also argues that his conviction for possession of a controlled substance is unconstitutional under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). We agree and reverse Williams' conviction for possession of a controlled substance.

In *Blake*, our Supreme Court held that RCW 69.50.4013(1), the statute criminalizing simple possession, is unconstitutional. 197 Wn.2d at 186. Therefore, the statute is void. *Blake*, 197 Wn.2d at 195. Because RCW 69.50.4013(1) is void, Williams has not been convicted of any crime and the judgment and sentence for possession of a controlled substance is invalid. *See In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857-58, 100 P.3d 801 (2004). Accordingly, we reverse Williams' conviction for possession of a controlled substance and remand to the trial court to vacate the conviction.

No. 54451-2-II

We reverse Williams' convictions. We remand to the trial court to allow Williams to withdraw his guilty plea to possession of a stolen vehicle and to vacate Williams' conviction for possession of a controlled substance.[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, C.J.

MAXA, J.

---

[3] Because both of Williams' convictions should be reversed, we do not address Williams' arguments regarding ineffective assistance of counsel at the hearing to terminate Williams from drug court, his offender score, or community custody supervision fees.